**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4940**

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

  v.

DAVID TISDALE,

     Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Benson Everett Legg, District Judge. (1:07-cr-00498-BEL-1)

Submitted:  March 31, 2011   Decided:  April 27, 2011

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Joanna Silver, Staff Attorney, FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF MARYLAND, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Ayn B. Ducao, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Tisdale appeals his conviction and 170-month sentence for five counts of distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (2006). Tisdale makes four arguments on appeal. For the reasons that follow, we affirm.

First, Tisdale argues that, given the anti-shuttling provision in the Interstate Agreement on Detainers Act (the "IAD"), the district court erred in denying his motion to dismiss the indictment. We find that the district court did not err in this regard because Tisdale had waived his rights under the IAD pursuant to a broadly-worded waiver he had signed after discussing his rights with his attorney. See Alabama v. Bozeman, 533 U.S. 146, 153-54 (2001). We reject Tisdale's assertion that the waiver was limited to a particular detainer.

Second, he argues that the district court erred in declining to review in camera the personnel records of two law enforcement officers who testified at Tisdale's trial. We review a district court's decision as to whether to conduct an in camera review of materials for abuse of discretion. See In re Grand Jury Proceedings, 33 F.3d 342, 350 (4th Cir. 1994). Here, the Government had represented to the district court that neither officer had any history of misconduct in his files except that one officer had been accused of using excessive

2

force; further, defense counsel had conceded that the present case did not involve allegations of excessive force. Accordingly, the district court did not abuse its discretion in declining to review in camera the personnel files of the two law enforcement officers.  See id.

Third, Tisdale argues that the district court erred in refusing to permit defense counsel to impeach a Government witness through extrinsic evidence of a separate lawsuit.  We review a district court's decision to limit cross-examination for abuse of discretion.  United States v. Ayala, 601 F.3d 256, 273 (4th Cir.), cert. denied, 131 S. Ct. 262 (2010).  The district court had permitted defense counsel to cross-examine the law enforcement officer about the fact that there was a prior lawsuit, the general nature of the lawsuit, and that there was a judgment against the officer.  We find that the district court did not abuse its discretion in excluding certain evidence it found to be collateral.  See id.

Finally, Tisdale argues that the jury lacked sufficient evidence to find that he sold crack cocaine. However, given that Tisdale himself testified that he sold crack cocaine, and that one of the law enforcement officers testified that he purchased crack cocaine from Tisdale, we find that there was sufficient evidence for the jury to find that Tisdale sold crack cocaine.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED